Samuels, J.
The case between the parties before the court on this appeal is this: The appellee, by suit in chancery in the court below, sought to recover of the appellants respectively, several sums of money/ alleged to have been subscribed for the purpose of building a church. It is alleged in the bill that a number of individuals, including the appellants Scott and Nicholas, and the testator of the appellant Gralt, associated themselves together and agreed to subscribe certain sums of nfoney, which were placed on a list opposite their respective names, for the purpose of building a church. It is not alleged, however, that the subscriptions or promises were made to Swain: Nor is it alleged' to whom or at what time they were made. The bill states that complainant was informed (without asserting the fact) that the persons associated selected certain individuals to make the necessary contracts, and to do what was requisite for the building of the church. It charges that a lot of ground was purchased for the site of the building, and that certain individuals named in the bill, on behalf of themselves and other subscribers to the scheme, en *635 tered into a contract with complainant for the carpenters’ work, and materials necessary to complete the church; which contract, after being partiy performed by complainant, he was compelled to abandon by the default of the parties contracted with. It further alleges that another contract was afterwards made by complainant with another individual, acting for himself and others, for finishing the work at a certain price ; that the work was finished, but the price not paid.
The defendants in them answers put the plaintiff on proof of the case as alleged in the bill. The plaintiff offered no proof whatever. The case must be decided upon the admissions in the answers. The defendants admit that they did subscribe certain amounts to be expended in the erection of the church. That these subscriptions were not made to complainant Swain, but to others; that certain terms or conditions attended the subscriptions ; that these terms were never complied with; that the offers contained in the subscriptions were not accepted within a reasonable time, and if accepted at all, it was without the knowledge of the defendants. That any contract which .may have been made with complainant was without their authority, and they deny that it binds them.
On the facts stated in the answers, it must be held that a subscription, like any other promise or offer, may be conditional. If particular terms are prescribed, these terms in themselves are conditions which must be complied with before the subscription is binding. To make such subscription binding it must be acceded to, as any other promise or offer, and the party apprised that his offer is accepted j and this must be done in a reasonable time. A subscription, like any other promise or offer, requires'a consideration to support it, either of profit to the party promising or of loss to the other party. If a subscription be acceded *636 to on the terms in which it is made, and labor or money is expended on the faith thereof, the party making the subscription is bound thereby. Story on Contracts, § 453. For these reasons I am of opinion to reverse the decree and dismiss the bill as to the appellants. It would be improper to express any opinion on the questions between complainant and other defendants, not parties to the appeal.
Allen and Lee, Js. concurred in the opinion of Samuels, J.
Moncure, J. dissented.
Decree reversed.